# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:25-CV-00085-MR-WCM

| | |
|---|---|
| **KYLEE AITKEN,** <br>                                 **Plaintiff,** <br> v. <br> **WILDERNESS TRAINING & CONSULTING, LLC D/B/A FAMILY HEALTH & WELLNESS, AND TRAILS CAROLINA, LLC,** <br>                                 **Defendants.** | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

**NOW COME** Defendants Wilderness Training & Consulting, LLC d/b/a Family Help & Wellness and Trails Carolina, LLC (hereinafter collectively "Defendants"), and answer the Complaint of Kylee Aitken (hereinafter "Plaintiff") as follows:

## FIRST DEFENSE AND MOTION TO DISMISS

Defendants move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of any claims by Plaintiff for alleged medical expenses incurred prior to Plaintiff reaching the age of majority, inasmuch as such claims for medical expenses during minority would be vested in the parents, guardians, or other individual(s) financially responsible for such expenses at such time under North Carolina law. *See, e.g.* Vaughan v. Moore, 89 N.C. App. 566, 567 366 S.E.2d 518, 520 (1988).

## SECOND DEFENSE AND MOTION TO DISMISS

Defendants move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of all claims due to Plaintiff's failure to satisfy Rule 9(j) of the North Carolina Rules of Civil Procedure.

1

## THIRD DEFENSE AND MOTION TO DISMISS

Defendants move this Court, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, to dismiss this action for improper venue or, in the alternative, to transfer it to North Carolina State Court in Transylvania County in accordance with the parties' forum selection clause. This lawsuit should not proceed in this Court because the parties' binding agreement contains a mandatory forum selection clause requiring that all disputes be litigated exclusively in Transylvania County, North Carolina.

## ANSWER AND FOURTH DEFENSE

1. The allegations contained in Paragraph 1 are denied as alleged.

2. The allegations contained in Paragraph 2 are denied as alleged.

3. The allegations contained in Paragraph 3 are denied.

4. With regard to Paragraph 4, Wilderness Training & Consulting, LLC is a limited liability corporation organized and existing under the laws of the State of Oregon and doing business under the name Family Help & Wellness. It is further admitted that Wilderness Training & Consulting, LLC is not a hospital, nursing home, or adult care home; however, it is a health care provider as that term is defined under N.C. Gen. Stat. § 90-21.11. Except where explicitly admitted, denied.

5. With regard to Paragraph 5, it is admitted that Wilderness Training & Consulting, LLC is the sole member-manager of Trails Carolina, LLC and that Trails Carolina is a limited liability company formed in North Carolina. It is further admitted that Trails Carolina is not a hospital, nursing home, or adult care home; however, it was a health care provider as that term is defined under N.C. Gen. Stat. § 90-21.11. Except where explicitly admitted, denied.

6. With regard to Paragraph 6, it is admitted that Trails Carolina is presently not operating. Except where explicitly admitted, denied.

7. The allegations contained in Paragraph 7 state legal conclusions, to which no response is required. To the extent a response is required, denied.

8. With regard to Paragraph 8, it is admitted that some of Trails Carolina, LLC's employees were offered participation in WTC's employee benefit program. Except where explicitly admitted, denied as alleged in the Complaint.

9. With regard to the allegations contained in Paragraph 9, it is admitted that the Family Help & Wellness website presently contains the quoted statements. Except where explicitly admitted, denied.

10. With regard to the allegations contained in Paragraph 10, it is admitted that Wilderness Training & Consulting, LLC is the sole owner and managing member of Apex Adventure LLC d/b/a blueFire Wilderness, an adolescent wilderness therapy program. Except where explicitly admitted, denied.

11. The allegations contained in Paragraph 11 are denied as alleged.

12. The allegations contained in Paragraph 12 are denied as alleged.

13. With regard to the allegations contained in Paragraph 13, it is admitted that WTC is the sole owner and managing member of the following entities: Asheville Academy for Girls, LLC; Solstice East LLC; Discovery Seven Stars; Syracuse RTC, LLC d/b/a Elevations RTC; Solstice RTC, LLC; and Uinta Academy RTC, LLC. WTC has a majority ownership interest in Sandhill Center, LLC, New Focus Academy, LLC, and Root Transitions, LLC. Except where explicitly admitted, denied as alleged in the Complaint.

14. The allegations contained in Paragraph 14 are denied as alleged.

15. With regard to the allegations contained in Paragraph 15, these answering Defendants admit, at all times relevant to this action, that certain policies and procedures were in place and that those policies and procedures speak for themselves. Except as admitted, the allegations contained in Paragraph 15 are denied.

16. With regard to the allegations contained in Paragraph 16, these answering Defendants admit, at all times relevant to this action, that Trails Carolina had information about its programs on its website and that the information on its website speaks for itself. Except as admitted, the allegations contained in Paragraph 16 are denied.

17. The allegations contained in Paragraph 17 are denied.

18. The allegations contained in Paragraph 18 are denied.

19. The allegations contained in Paragraph 19 are denied.

20. The allegations contained in Paragraph 20 are denied.

21. The allegations contained in Paragraph 21 are denied.

22. With regard to Paragraph 22, it is admitted that WTCSL, LLC is the sole member manager of Wilderness Training & Consulting, LLC. WTCSL, LLC is a limited liability corporation organized and existing under the laws of the State of Oregon. Except where explicitly admitted, denied.

23. With regard to the Paragraph 23, it is admitted that WTCSL, LLC has the following members (parentheses denote citizenship): Cat Jennings (NC); Dilly Bean LLC (member: Bryan Tomes (NC)); FNS Group, LLC (member: Dan Stuart (UT)); Graham Shannonhouse (NC); Hayden Dupell (OR); Ikaika Holdings LLC (member: Keoni Anderson (UT)); Jen Wilde Consulting PLLC (member: Jennifer Wilde (UT)); Jesse Long (OR); John Gordon (NC); Jon Worbets (ID); Kathryn Huffman (NC); Kathy Rex (ID); Kirsten Morgan (OR); Laura Burt (UT);

4

Mahalo Nui, LLC (member: Judith Jacques (UT)); Mary S. Pierce (NC); Matt Roy (OR); Randi Nelson (UT); Rebecca Gebb (NC); Reid Treadaway (ID); Scott Hess (UT); SEJC Holdings, LLC (member: Kyle Gillett (NC)); Shayne Gallagher (UT); Sheri Gallagher (UT); Simpson Holdings, L.C. (members: Jeff and Becky Simpson (AZ)); Steven Stradley (OR); White Mountain Consulting LLC (member: Josh White (AZ)); and WTC Holdco, LLC. It is further admitted, WTC Holdco, LLC is a limited liability corporation organized and existing under the laws of the State of Oregon. WTC Holdco, LLS has the following members: Wayne Laird (OR); JLC Family, LLC (member: Johnny Deblock (WA)); Opal Creek Capital, LLC (member: Tim Dupell (OR)); PGO, LLC (member: Sue Crowell (NC)); and FHW/THP Blocker, Inc. (TX private equity firm). Except where explicitly admitted, denied.

24. With regard to Paragraph 24, it is admitted that Trails Carolina conducted business in the state of North Carolina and that Wilderness Training & Consulting, LLC conducts business in the state of Oregon. Except where explicitly admitted, denied.

25. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 25 and, as such, deny the same.

26. The allegations contained in Paragraph 26 are denied.

27. The allegations contained in Paragraph 27 are denied.

28. With regard to the allegations contained in Paragraph 28, it is admitted that Family Health & Wellness offers various for-profit programs for teens and adolescents, including previously Trails Carolina, with the goal of developing skills necessary to lead a happier, healthier life. Except where explicitly admitted, denied.

29. The allegations contained in Paragraph 29 are denied.

30. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 30 and, as such, deny the same.

31. With regard to the allegations contained in Paragraph 31, it is admitted that Graham Shannonhouse was the Executive Director of Trails Carolina in 2010 and in said capacity she may have responded to inquiries of NC DHHS. As to the remaining allegations in Paragraph 31, these answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations and, as such, deny the same.

32. The allegations contained in Paragraph 32 are denied as alleged.

33. With regard to the allegations contained in Paragraph 33, it is admitted that CARF International performed a three-year accreditation survey of Trails Carolina in 2014. It is further admitted that CARF International memorialized recommendations in a written report which speaks for itself. Except where explicitly admitted, denied.

34. With regard to the allegations contained in Paragraph 34, it is admitted that CARF International performed a three-year accreditation survey of Trails Carolina in 2014. It is further admitted that CARF International memorialized recommendations in a written report which speaks for itself. Except where explicitly admitted, denied.

35. The allegations contained in Paragraph 35 are denied as alleged.

36. The allegations contained in Paragraph 36 are denied as alleged.

37. The allegations contained in Paragraph 37 are denied as alleged.

38. The allegations contained in Paragraph 38 are denied as alleged.

39. With regard to the allegations contained in Paragraph 39, it is admitted that Kylee was assigned to the Foxtrot group upon admission. All remaining allegations of said paragraph are denied.

40. The allegations contained in Paragraph 40 are denied as alleged.

41. The allegations contained in Paragraph 41 are denied as alleged.

42. The allegations contained in Paragraph 42 are denied as alleged.

43. The allegations contained in Paragraph 43 are denied as alleged.

44. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 44 and, as such, deny the same.

45. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 45 and, as such, deny the same.

46. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 46 and, as such, deny the same.

47. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 47 and, as such, deny the same.

48. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 48 and, as such, deny the same.

49. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 49 and, as such, deny the same.

50. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 50 and, as such, deny the same.

51. These answering Defendants are without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 51 and, as such, deny the same.

52. The allegations contained in Paragraph 52 are denied.

53. The allegations contained in Paragraph 53 are denied.

54. Upon information and belief, these answering Defendants admit that during the relevant time frame, Ms. Shannonhouse was the executive director of Defendant Trails Carolina. These answering Defendants deny that Ms. O'Kane received any report from Kylee regarding the allegations contained in this Complaint and, therefore, deny that any duty to report existed. Except where explicitly admitted, denied.

55. With regard to the allegations contained in Paragraph 55, these answering Defendants deny that Ms. O'Kane received any report from Kylee regarding the allegations contained in this Complaint. All allegations contained in Paragraph 55 are denied.

56. The allegations contained in Paragraph 56 are denied.

57. The allegations contained in Paragraph 57 are denied.

58. With regard to Paragraph 58, these answering Defendants incorporate herein by reference their responses to all previous allegations made in this Complaint.

59. The allegations contained in Paragraph 59 state legal conclusions to which no response is required. To the extent a response is required, denied.

60. The allegations contained in Paragraph 60, including each and every subpart, are denied.

61. The allegations contained in Paragraph 61, including each and every subpart, are denied.

62. The allegations contained in Paragraph 62 are denied.

63. The allegations contained in Paragraph 63 are denied.

64. The allegations contained in Paragraph 64 are denied.

65. The allegations contained in Paragraph 65 are denied.

66. The allegations contained in Paragraph 66 are denied.

### FIFTH AFFIRMATIVE DEFENSE

If it is determined that these answering Defendants were negligent, as alleged in the Plaintiff's Amended Complaint or otherwise, which has been and is once again expressly denied, then upon information and belief, it is alleged that intervening negligence and intervening cause on the part of the one or more third parties insulated any negligence on the part of these answering Defendants; that such intervening negligence and cause was not foreseeable to these answering Defendants; and that such insulating negligence is pled in bar of any purported right of Plaintiff to recover anything of these answering Defendants in this action.

### SIXTH AFFIRMATIVE DEFENSE
### (STATUTES OF LIMITATION)

Plaintiff's claims may be barred by the applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE
### (STATUTE OF REPOSE)

Plaintiff's claims may be barred by the statute of repose.

## EIGHTH AFFIRMATIVE DEFENSE
### (INTERVENING CRIMINAL ACTS OF A THIRD PARTY)

Defendants assert that Plaintiff's alleged injuries and damages were not legally or proximately caused by any act or omission of Defendants, including any alleged negligent hiring, supervision, or retention. Instead, such injuries were the result of the unforeseen, intentional, and criminal acts of a third party or employee acting outside the scope of employment and without authorization. These acts were independent, superseding, and intervening causes that sever any causal link between Defendants' conduct and Plaintiff's alleged harm. As such, Defendants are not liable under principles of tort law, and Plaintiff's claims are barred, in whole or in part.

**[REST OF PAGE LEFT BLANK INTENTIONALLY]**

**WHEREFORE**, Defendants Wilderness Training & Consulting, LLC, and Trails Carolina, LLC, having fully answered the Complaint of Plaintiff, pray the Court as follows:

1. That Plaintiff have and recover nothing of these answering Defendants in this action, and that this action be dismissed;

2. That all issues of fact be tried before a jury;

3. That the costs of this action be taxed against Plaintiff; and

4. For such other and further relief as the Court may deem just and proper.

**This the 12th day of May, 2025.**

                                        **/s/DAVID L. LEVY**
                                        **David L. Levy**
                                        **NC State Bar No. 34060**
                                        **/s/KRISTY M. D'AMBROSIO**
                                        **Kristy M. D'Ambrosio**
                                        **NC State Bar No. 52817**
                                        **Gardner Skelton**
                                        **3746 N. Davidson Street**
                                        **Charlotte, NC 28205**
                                        **Phone: 704-668-0350**
                                        **Fax: 704-936-0294**
                                        dlevy@gardnerskelton.com
                                        kdambrosio@gardnerskelton.com
                                        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I certify that the foregoing *Defendants' Answer to Plaintiff's Complaint* has on this date been served upon counsel in this matter by this Court's CM/ECF system via electronic mail, addressed as follows:

      Shaun C. Blake
      Mann Blake & Jackson Law Firm
      1619 Sumter Street
      Columbia, SC 29201
      Email: sblake@mannblake.com
      *Attorneys for Plaintiff*

**This the 12th day of May, 2025.**

      **/s/Kristy M. D'Ambrosio**
      **David L. Levy (NC State Bar No. 34060)**
      **Kristy M. D'Ambrosio (NC State Bar No. 52817)**
      **Gardner Skelton, PLLC**
      **3746 N. Davidson Street**
      **Charlotte, North Carolina 28205**
      **Telephone: (704) 335-0350**
      **Fax: (704) 936-0294**
      **Email: dlevy@gardnerskelton.com**
      **kdambrosio@gardnerskelton.com**
      ***Attorneys for Defendants***