# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CASE NO. 1:25-CV-085-MR-DCK

| | |
|---|---|
| KYLEE AITKEN, ) | |
| ) | |
| Plaintiff, ) | **QUALIFIED PROTECTIVE ORDER** |
| ) | **PURSUANT TO** |
| v. ) | **45 C.F.R. § 164-512(e)** |
| ) | |
| WILDERNESS TRAINING & ) | |
| CONSULTING, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Qualified Protective Order Pursuant To 45 C.F.R. § 164-512(e)" (Document No. 12) filed June 16, 2025. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties' proposed Qualified Protective Order pursuant to Fed.R.Civ.P. 26(c) and 45 C.F.R. § 164.512(e)(1), as follows:

1. During discovery in this case, the parties each anticipate seeking records that contain "protected health information" about **Kylee Aitken** and records Defendants may have created or received in connection with the employment of **William Meyers** which may including sensitive information, including "protected health information." The parties agree that they and their attorneys are authorized to receive, subpoena and transmit documents and information that contain or constitute "protected health information" pertaining to Kylee Aitken and William Meyers to the extent and subject to the conditions outlined herein.

2. <u>Definition of PHI</u>. For the purposes of this qualified protective order, "protected health information" (hereinafter "***PHI***") shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. PHI includes, but is not limited to, health information, including

demographic information, relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. <u>Filing under Seal</u>. This Order does not authorize either party to seal Court filings or Court proceedings. The Court will make a determination for filing under seal if and when the parties seek to file any person's PHI under seal pursuant to Local Rule 6.1(c).

## Kylee Aitken's Personal Health Information

4. <u>Purpose for Order</u>. The parties intend to seek Plaintiff's PHI through discovery. The parties agree that the discovery of PHI regarding Kylee Aitken is appropriate under 45 C.F.R. § 164.512(a) and (e) and may be disclosed by a "covered entity" in accordance with this Order without violating the HIPAA Privacy Rule. This Order is not intended to be construed as a prior determination that records containing PHI regarding Kylee Aitken are otherwise discoverable under Fed R.Civ.P. 26; it merely is intended to satisfy the HIPAA Privacy Rule and provide for the confidential treatment of PHI regarding Kylee Aitken that may be otherwise discoverable.

5. <u>Production of Plaintiff's Records and Information by Covered Entities</u>. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose PHI pertaining to Kylee Aitken to those attorneys who represent either Kylee Aitken or Trails Carolina, LLC, and Wilderness Training & Consulting, LLC. Upon receipt of such records by any party, the records actually containing PHI shall be marked "**Protected PHI - Aitken**" in a manner that does not prevent any of the contents of the record from being read or viewed.

6. <u>Limited use of Plaintiff's PHI</u>. Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and their attorneys shall be permitted to use or disclose PHI pertaining to Kylee

Aiken solely for the purposes of prosecuting or defending this action, including any appeals of this case. Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and their attorneys shall be permitted to disclose PHI pertaining to Kylee Aitken to court personnel and court reporters. Trails Carolina, LLC, Wilderness Training & Consulting, LLC, and their attorneys shall also be permitted to disclose PHI pertaining to Kylee Aiken to the parties' experts, consultants, court personnel, court reporters, copy services, and trial consultants so long as, prior to doing so, counsel has informed each such person that PHI pertaining to Kylee Aitken may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving PHI pertaining to Kylee Aitken do not use or disclose such information for any purpose other than this litigation.

7. Return or Destruction of Plaintiff's PHI. Within thirty-five (35) days of the conclusion of this litigation, including appeals, Trails Carolina, LLC, Wilderness Training & Consulting, LLC, their attorneys, and any person or entity receiving PHI pertaining to Kylee Aitken from Trails Carolina, LLC, Wilderness Training & Consulting, LLC, or their attorneys, shall destroy any and all copies of records containing PHI pertaining to Kylee Aitken except that counsel are not required to secure the return or destruction of any documents submitted to the Court.

8. Scope of Order. Nothing in this Order authorizes counsel for Defendants to obtain Kylee Aitken's medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

**Defendants' Records Regarding William Meyers**

9. Purpose for Order. Plaintiff intends to seek documents received or created by Defendants that may contain sensitive information, including PHI, regarding **William Meyers**, a former employee of Defendant Trails Carolina, LLC. The parties agree that the discovery of the

Defendants' records, including any PHI, pertaining to William Meyers is appropriate under 45 C.F.R. § 164.512(a) and (e) and may be disclosed without violating the HIPAA Privacy Rule. This Order is not intended to be construed as a prior determination that records Defendants possess that may contain sensitive information, including PHI, pertaining to William Meyers are otherwise discoverable under Fed.R.Civ.P. 26; it merely is intended to satisfy the HIPAA Privacy Rule and provide for the confidential treatment of records that may be otherwise discoverable.

10. <u>Production of Plaintiff's Records and Information by Covered Entities</u>. Defendants are authorized to disclose records acquired or created in connection with William Meyer's former employment, including those that may contain PHI, pertaining to William Meyers to those attorneys who represent Kylee Aiken. Prior to production, Defendants shall clearly mark any employment record containing sensitive information, including PHI, with the label "**Confidential – Meyers Records**" in a manner that does not prevent any of the contents of the record from being read or viewed.

11. <u>Limited use of Confidential Meyers Records</u>. Plaintiff and her attorneys shall be permitted to use or disclose documents labeled "Confidential – Meyers Records" solely for the purposes of prosecuting or defending this action, including any appeals of this case. Plaintiff and her attorneys shall be permitted to disclose documents labeled "Confidential – Meyers Records" pertaining to William Meyers to court personnel and court reporters. Plaintiff and her attorneys shall also be permitted to disclose documents labeled "Confidential – Meyers Records" pertaining to Plaintiff's experts, consultants, court personnel, court reporters, copy services, and trial consultants so long as, prior to doing so, Plaintiff's counsel has informed each such person that documents labeled "Confidential – Meyers Records" may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons

receiving documents labeled "Confidential – Meyers Records" do not use or disclose such information for any purpose other than this litigation.

12. <u>Return or Destruction of Confidential Meyers Records</u>. Within thirty-five (35) days of the conclusion of this litigation including appeals, Plaintiff and her attorneys, and any person or entity receiving documents labeled "Confidential – Meyers Records" from Plaintiff or her attorneys, shall destroy any and all copies of documents labeled "Confidential – Meyers Records" except that counsel are not required to secure the return or destruction of any documents submitted to the Court.

13. <u>Scope of Order</u>. Nothing in this Order authorizes counsel for Plaintiff to obtain William Meyers' employment records from Defendants means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

14. <u>Order Subject to Modification.</u> This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**SO ORDERED**.

Signed: June 18, 2025

David C. Keesler
United States Magistrate Judge